UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANTIAGO MENDEZ SANCHEZ,

      Plaintiff,

v.                                 Case No:   6:13-cv-399-Orl-18TBS

GREEN MEDAL LAWN MAINTENANCE
LLC,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Plaintiff's Motion for Final Judgment.   (Doc. 16).

Plaintiff seeks the entry of final default judgment pursuant to Federal Rule of Civil

Procedure 55(b)(2) and alleges damages in the amount of $1,116 and attorney fees in

the amount of $2,638.75.   For the following reasons, I respectfully recommend that the

motion be denied.

     I.    **Background**

      Plaintiff filed this action for unpaid overtime damages against Defendant on March

11, 2013. (Doc. 1).   He alleges that Defendant hired him on July 20, 2012 to work as a

non-exempt hourly employee at a rate of $9.00 per hour.   According to Plaintiff,

Defendant did not pay him for his final two weeks of employment.   (Doc. 16 at 7).   He

also alleges that from July 29, 2012 through August 6, 2012, Defendant failed to

compensate him for hours worked in excess of forty hours per week.   Count I of Plaintiff's

complaint seeks unpaid wages pursuant to Florida law.   (See Doc. 1).   Count II seeks

overtime compensation pursuant to the Fair Labor Standards Act ("FLSA" or "Act"), 29

U.S.C. §.201 et. seq.

Plaintiff served Defendant by serving Florida's Secretary of State on October 29, 2013.   (Docs. 11, 12).   Defendant failed to appear in this action and on December 6, 2013, Plaintiff filed a motion for default pursuant to Federal Rule of Civil Procedure 55(a).   (Doc. 13).   The Court granted the motion to the extent Plaintiff sought entry of clerk's default and denied it to the extent Plaintiff prematurely sought final default judgment pursuant to Rule 55(b).   (Doc. 14).   Plaintiff filed his pending motion for final default judgment on February 5, 2014.   On March 17, 2014, I submitted a report recommending the Court grant Plaintiff's motion.   (Doc. 17).   The Court did not adopt my recommendation, and recommitted the case to me to consider whether Plaintiff had sufficiently alleged enterprise or individual coverage pursuant to the FLSA.   (Doc. 18).

## II.   Default Judgment

The Court has two considerations when determining whether default judgment is proper under Rule 55(b).   First, the Court must determine whether the Clerk properly entered default against the party in question pursuant to Rule 55(a).   Then, the Court may enter a default judgment only if the Complaint sufficiently alleges a basis for default judgment.   <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,</u> 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

### A.  Clerk's Entry of Default

Under the federal rules, a plaintiff may serve a corporate defendant by

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

FED. R. CIV. P. 4(h)(1)(B).   A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).   Plaintiff attempted to serve Defendant at its last known principal place of business, but could not locate Defendant.   Plaintiff obtained a copy of the 2013 Florida Limited Liability Company Annual Report for Defendant dated April 30, 2013. (Doc. 8-1).   The report lists Defendant's principal place of business as 140 Tomahawk Drive, Suite 62, Indian Harbor Beach, Florida and its registered agent as Edmund F. Burdick, Jr., 190 Harwood Avenue, Satellite Beach, Florida.   (Id.).   Plaintiff engaged a private process server who made multiple failed attempts to serve Defendant.   (Doc. 8-3).   The process server reported that Defendant's business address is a rented storage facility Mr. Burdick visits erratically.   (Id.).   Mr. Burdick moved from the address provided for him and he did not leave a forwarding address.   (Id.).   The process server also phoned Defendant and left messages but the messages were not returned.   (Id.). Consequently, Plaintiff served Defendant by serving the Secretary of State in accordance with Florida Statute § 48.161, which provides that a plaintiff may serve the Secretary of State when the person to be served conceals their whereabouts.

Pursuant to Federal Rule of Procedure 12(a)(1), Defendant was required to respond to Plaintiff's complaint within twenty-one (21) days from the date of service. The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner . . . ." Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)). Defendant failed to respond and has otherwise failed to appear in this action. (Docket).

Thus, based upon Plaintiff's Notice of Filing Acceptance of Service of Process (Doc. 12), I find that Plaintiff obtained good service on Defendant by serving Florida's Secretary of State and the Clerk properly entered default against it.

    *B. Allegations in the Complaint*

    "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Eagle Hosp. Physicians, LLC v. SRG Consulting Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). However, the entry of a default by the Clerk does not necessarily require the Court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before the Court enters a judgment pursuant to FED. R. CIV. P. 55(b) it must find that there is a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206.

    To be eligible to recover for an overtime violation under the FLSA, an employee must show that he is covered under the Act, i.e., that either he or his employer engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1); Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011); DeLotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806 *2 (M.D. Fla. Nov. 24, 2009). Here, Plaintiff alleges both individual and enterprise coverage. (Doc. 1).

    A claim for individual coverage must show that the claimant "regularly and 'directly participates in the actual movement of persons or things in interstate commerce' . . .

where commerce means 'trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof[.]"   Josendis, 662 F.3d at 1298-99 (inner alterations and citations omitted) (quoting Thorne v. All Restoration Servs, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006); 29 U.S.C. § 203(r)(1).   The Eleventh Circuit has found that an employee qualifies for individual coverage if he works for an instrumentality of interstate commerce, such as a transportation or communication industry, or if he regularly uses the instrumentalities of interstate commerce in his work, "e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel."   Thorne, 448 F.3d at 1266 (citing 29 C.F.R. § 776.23(d)(2)).

Plaintiff's allegations of individual coverage must satisfy the requirements of Federal Rule of Civil Procedure 8(a).   Labels and conclusions, mere naked assertions, or formulaic recitations of the elements of a cause of action are insufficient to satisfy this standard, but detailed assertions of fact are not required.   Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).   Plaintiff need only state the nature of his work, the nature of Defendant's business, and provide allegations connecting his work to interstate commerce.   Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (collecting cases); see also Sciacca v. Vectorworks Marine, LLC, No. 6:12-cv-1255-Orl-28DAB, 2013 WL 656325 *3-5 (Feb. 1, 2013); Kinzer v. Stelling, No. 6:11-cv-465-Orl-28KRS, 2012 WL 1405694 *3 (M.D. Fla. Mar. 28, 2012).

Plaintiff's complaint alleges that he was "'engaged in commerce' within the meaning of §6 and § 7 of the FLSA" and was subject to individual coverage.   (Doc. 1 ¶¶ 5, 9).   He fails to allege the nature of his job, the nature of Defendant's business, or how his job or Defendant's business relates to interstate commerce.   Thus, he has not

properly pled individual coverage.

Enterprise coverage is available to any employee who works for an employer engaged in commerce or in the production of goods for commerce.   An employee may prove enterprise coverage by showing that his employer

> (i)has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Josendis, 662 F.3d at 1299 (emphasis in original) (citing 29 U.S.C. § 203(s)(1)(A)(i) -(ii)).

Courts in this district have found that "courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually."   Delotta, 2009 WL 4349806 *3.   A plaintiff must, at the least, plead in good faith the elements of their claim in accordance with Iqbal and Twombly.   See Ceant, 874 F. Supp. 2d at 1378.   However, "an allegation of 'enterprise' coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of the employees . . . . [I]t is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial."   Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 8:07-cv-2359-T-23TGW, 2008 WL 793660 * 2 (M.D. Fla. Mar. 24, 2008) (finding ultimately, however, that plaintiff's allegation that "the defendants [were] subject to the requirements of the FLSA" was insufficient to allege enterprise coverage); see also Ceant, 874 F. Supp. 2d at 1378 (finding that plaintiff's allegation based on information and belief that defendant grossed more than $500,000 annually was sufficient to allege enterprise coverage); Kasby v. Upper Deck Bar and Grill,LLC, No. 6:11-cv-152- ORL-

36GJK, 2013 WL 6050747 *7 (M.D. Fla. Nov. 15, 2013) (finding that plaintiff's allegations that defendant had two employees handling goods or materials moved in or produced in interstate commerce and that its annual gross revenue was $500,000 per year were sufficient to establish enterprise coverage); <u>Dobbins v. Scriptfleet, Inc.</u>, No. 8:11-cv-1923-T_24-AEP, 2012 WL 601145 *2 (M.D. Fla. Feb. 23, 2012) (stating that the requirements to plead coverage were "straightforward" and finding that plaintiff had adequately alleged coverage by simply stating that the defendant was engaged in interstate commerce and, that, upon information and belief, defendant grossed more than $500,000 annually); <u>Vierra v. Sage Dining Servs., Inc.</u>, No. 8:10-cv- 2267-T-33EAJ, 2010 WL 4867557 *3 (M.D. Fla. Nov. 23, 2010) (acknowledging that "bare bones" allegations would suffice, but finding that plaintiff's allegations of enterprise coverage were insufficient because plaintiff had not alleged that defendant grossed more than $500,000 annually).   This makes sense in light of the fact that, when the lawsuit is filed, information regarding the defendant's business practices or gross annual income will be in the defendant's, not the plaintiff's, possession.   <u>Daniel</u>, 2008 WL 793660 *2.

Here, Plaintiff alleges that Defendant "was, and continues to be, an 'enterprise engaged in commerce' within the meaning of the FLSA."   (Doc. 1 ¶ 8).   This conclusory allegation is insufficient to plead enterprise coverage.   Plaintiff has not properly pled that Defendant engaged in interstate commerce or that Defendant grossed in excess of $500,000 annually, and therefore, his motion for default judgment should be denied. . <u>See id.</u>

### III.   Recommendation

For these reasons, I **WITHDRAW** my previous report and recommendation (Doc. 17), and I respectfully recommend the Court:

1. **DENY** without prejudice Plaintiff's Motion for Final Judgment (Doc. 16) because it is not supported by well-pled allegations of enterprise coverage;

2. **DISMISS** Plaintiff's complaint for failure to state a cause of action; and

3. **ALLOW** Plaintiff 14 days within to file an amended complaint.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 30, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties